**EXHIBIT 1**

1    ANDRÉ BIROTTE JR.
     United States Attorney
2    ROBERT E. DUGDALE
     Assistant States Attorney
3    Chief, Criminal Division
     KERI CURTIS AXEL (Cal. Bar No. 186847)
4    Assistant United States Attorney
     Major Frauds Section
5    1100 United States Courthouse
     312 North Spring Street
6    Los Angeles, California 90012
     Telephone: (213) 894-5421
7    Facsimile: (213) 894-6269
     E-mail: keri.axel@usdoj.gov
8

9    Attorneys for the
     United States of America
10

11                     UNITED STATES DISTRICT COURT
                   FOR THE CENTRAL DISTRICT OF CALIFORNIA
12

13   UNITED STATES OF AMERICA,     )    NO. CR 03-620-TJH
                                    )
14               Plaintiff,         )    STIPULATION RE ACTUAL
                                    )    LOSSES AND RESTITUTION
15        v.                        )    AMOUNTS FOR PURPOSES OF
                                    )    RE-SENTENCING OF
16   JOHN LAURIENTI, et al.,        )    DEFENDANTS FOLLOWING REMAND
                                    )
17               Defendants.        )
                                    )    Courtroom of the Hon. Terry
18   _____)    J. Hatter

19   Plaintiff United States of America, by and through its

20   counsel of record, the United States Attorney for the Central

21   District of California, defendant Bryan Laurienti, by and through

22   his counsel of record, Deputy Federal Public Defender Neha Meta,

23   defendant David Montesano, by and through his counsel of record

24   Dennis Riordan, Donald Samaria, by and through his counsel Irene

25   Ayala, and Curtiss Parker, by and through his counsel of record,

26   Karen Landau, hereby stipulate and agree as follows:

27   For the purpose of the re-sentencing of the defendants after

28   the remand of this matter from the Ninth Circuit, specifically,

—

for the purposes of calculating restitution and determining the actual losses of victims of the defendants' offenses of conviction under United States Sentencing Guidelines § 2B1.1, the parties agree and stipulate to the following actual loss/ restitution amounts:

### A.   Defendant Bryan Laurienti

| Name | Stipulated Actual Loss/Restitution Amount |
|---|---|
| Steven & Jennifer Crosby | $133,997.84 |
| Lee Ann Ellison | $6,482 |
| Stephen Foos | $45,183.75 |
| Robert Rodriguez | $19,018.75 |
| **Total** | **$204,682.34** |

### B.   Defendant David Montesano

| Name | Stipulated Actual Loss/Restitution Amount |
|---|---|
| Stan Chersky | $3,216.50 |
| Richard Kempthorn | $30,185.75 |
| Clint Martin | $27,449 |
| Larry Parker | $169.00 |
| Frank Quach | $6,314.00 |
| Asif Qureshy | $51,920.63 |
| Gary Shira | $9,553.38 |
| Robert Stevenson | $16,568.25 |
| Cliff Stewart | $30,000 |
| **Total** | **$175,376.51** |

## C.   Defendant Curtiss Parker

| Name | Stipulated Actual Loss/Restitution Amount |
|------|-------------------------------------------|
| Lloyd McGowan | $500,000 |
| Jacob Ross | $188,094.61 |
| Dr. Jeffrey Solomon | $149,284.63 |
| Dr. William Symonds | $311,564.37 |
| **Total** | **$1,179,129.36** |

## D.   Defendant Donald Samaria

| Name | Stipulated Actual Loss/Restitution Amount |
|------|-------------------------------------------|
| John Badar | $19,880 |
| Billy Knott | $760,556.27  (loss)/$380,278.14 (restitution) |
| Lloyd McGowan* | $500,000 |
| Jacob Ross* | $188,094.61 |
| David Rumbold | $10,000 |
| Dr. Jeffrey Solomon* | $149,284.63 |
| Dr. William Symonds* | $311,564.37 |
| Robert Wiker | $68,849.25 |
| **Total** | **$2,008,229.13 (Loss)/$1,627,951 (Restitution)** |

*Joint client; liability joint and several with Curtiss Parker

As to victim Billy Knott, the government and defendant Samaria agree that defendant Samaria's restitution obligation should be only half of such victim's loss, in the amount set forth above, because the loss should have been joint and several with defendant Curtiss Parker, but such loss was omitted from

1    defendant Parker's Presentence Report and Judgment and Commitment
2    order and therefore not charged to defendant Parker.

3        The government further agrees that it will not argue that
4    any additional actual losses apply for any defendant, or that
5    relevant conduct principles apply (other than to the overlapping
6    Samaria/Parker victims set forth above), but notes that it will
7    argue that defendant Laurenti also intended greater losses with
8    respect to the victims Steven & Jennifer Crosby, and that such
9    losses should be included in the loss calculation under USSG
10   §2B1.1.  The government and defendant Laurenti have no agreement
11   as to such intended losses, and reserve the right to disagree at
12   sentencing about whether the loss amount for Guidelines purposes
13   should include any such intended losses.

14       This stipulation concerns only the calculation of loss for
15   Guidelines purposes, and the determination of restitution.  The
16   parties preserve all other sentencing arguments to the extent of
17   the remand, including all arguments as to the appropriate
18   sentence under 18 U.S.C. § 3553(a) and Booker.

19                              ANDRÉ BIROTTE JR.
                                United States Attorney
20
                                ROBERT E. DUGDALE
21                              Assistant United States Attorney
                                Chief, Criminal Division
22
23   DATED:  March 8, 2011        _____/s/_____
24                                KERI CURTIS AXEL
                                Assistant United States Attorney
                                Attorney for Plaintiff
25

26   / / /

27   / / /

28

                                    4

1
2   DATED:  __3-3-11__                          _____
3                                               NEHA META
                                                Deputy Federal Public Defender
4                                               Attorney for Defendant
                                                BRYAN LAURIENTI
5
6   DATED:  _____                          _____
7                                               DENNIS RIORDAN, Esq.
                                                Attorney for Defendant
8                                               DAVID MONTESANO
9
10  DATED:  _____                          _____
                                                IRENE AYALA, Esq.
11                                              Attorney for Defendant
                                                DONALD SAMARIA
12
13  DATED:  _____                          _____
14                                              KAREN LANDAU, Esq.
                                                Attorney for Defendant
15                                              CURTISS PARKER
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2  DATED: _____

NEHA META
Deputy Federal Public Defender
Attorney for Defendant
BRYAN LAURIENTI

6  DATED: 3/04/11

DENNIS RIORDAN, Esq.
Attorney for Defendant
DAVID MONTESANO

9  DATED: _____

IRENE AYALA, Esq.
Attorney for Defendant
DONALD SAMARIA

13 DATED: _____

KAREN LANDAU, Esq.
Attorney for Defendant
CURTISS PARKER

1

2  DATED: _____

3                                    NEHA META
                                     Deputy Federal Public Defender
4                                    Attorney for Defendant
                                     BRYAN LAURIENTI

5

6  DATED: _____

7                                    DENNIS RIORDAN, Esq.
                                     Attorney for Defendant
8                                    DAVID MONTESANO

9  DATED: *March 3, 2011*            *Irene P. Ayala*

10                                   IRENE AYALA, Esq.
                                     Attorney for Defendant
11                                   DONALD SAMARIA

12

13 DATED: _____

14                                   KAREN LANDAU, Esq.
                                     Attorney for Defendant
15                                   CURTISS PARKER

16

17

18

19

20

21

22

23

24

25

26

27

28

```
 1
 2   DATED: _____
 3                                        NEHA META
                                          Deputy Federal Public Defender
 4                                        Attorney for Defendant
                                          BRYAN LAURIENTI
 5
 6   DATED: _____
 7                                        DENNIS RIORDAN, Esq.
                                          Attorney for Defendant
 8                                        DAVID MONTESANO
 9
10   DATED: _____
                                          IRENE AYALA, Esq.
11                                        Attorney for Defendant
                                          DONALD SAMARIA
12
13   DATED: 3/7/11 _____
14                                        KAREN LANDAU, Esq.
                                          Attorney for Defendant
15                                        CURTISS PARKER
16
17
18
19
20
21
22
23
24
25
26
27
28
```

5

**EXHIBIT 2**

# Hampton Porter Investment Bankers
## Broker's Statement
### APRIL 1999

### Curtiss Parker

| Commissions | | |
|---|---|---|
| Gross Commissions | 8,811.00 | |
| Other (Bonus/Override/Lookback) | 7,800.00 | |
| Subtotal | | 16,611.00 |
| Percent to Broker | 50% | 8,305.50 |
| Other (not subject to percentage) | 5/99 ($2,000) | 2,000.00 |
| Advance (3/16/99) | 4,000  6/99 ($2,000) | |
| Advance (4/16/99) | 2,500 | |
| Advance (4/30/99) | 5,000 | |
| **Net** | | **10,305.50** |

| | | |
|---|---|---|
| Total Broker Charges | | 0.00 |

| | | |
|---|---|---|
| NASD Fees | 0.00 | |
| Parking | 125.00 | |
| YMCA Membership | 0.00 | |
| Airborne Express | 0.00 | |
| Prepaid Legal | 0.00 | |
| Other (Advance-see above) | 2,000.00 | |
| Total Office Charges | | (2,125.00) |
| Balance Prior Month | | 0.00 |
| **Net Commissions due Broker (subject to tax)** | | 10,305.50 |
| **Total Deductions (deducted after taxes)** | | **(2,125.00)** |

5/13/99



HP-GW591867



# Hampton Porter Investment Bankers
**Broker's Statement**
**MAY 1999**

## Curtiss Parker

| Commission | | | |
|---|---|---|---|
| Gross Commissions | 22,091.00 | 65% | |
| Other (Bonus/Override/Lookback) | 83,911.00 | 50% | embu |
| Subtotal | | | 106,002.00 |
| Percent to Broker | | | 56,314.65 |

| Other (not subject to percentage) | | 5/99 ($2,000) | done | |
|---|---|---|---|---|
| Advance (3/16/99) | 4,000 | 6/99 ($2,000) | | 2,000.00 |
| Advance (4/16/99) | 2,500 | | | |
| Advance (4/30/99) | 5,000 | | | |

| **Net** | | | **58,314.65** |
|---|---|---|---|

| Brokerage Charges | | |
|---|---|---|
| Total Broker Charges | | 0.00 |

| Office Charges | |
|---|---|
| NASD Fees | 115.00 |
| Parking | 125.00 |
| YMCA Membership | 0.00 |
| Airborne Express | 0.00 |
| Prepaid Legal | 0.00 |
| Other (Advance-see above) | 2,000.00 |

| Total Office Charges | (2,240.00) |
|---|---|
| Balance Prior Month | 0.00 |

| **Net Commissions due Broker (subject to tax)** | 58,314.65 |
|---|---|
| **Total Deductions (deducted after taxes)** | **(2,240.00)** |



6/16/99

HP-GW 691827

# Hampton Porter Investment Bankers
## Broker's Statement
### JUNE 1999

### Curtiss Parker

| Commissions | | | | |
|---|---|---|---|---|
| Gross Commissions | | 20,264.00 | 65% | |
| Other (Bonus/Override/Lookback) | | 131,422.00 | 50% | embu |
| Subtotal | | | | 151,686.00 |
| Percent to Broker | | | | 78,882.60 |
| Other (not subject to percentage) | | | | |
| Advance (4/16/99) | 2,500 | | | 2,500.00 |
| Advance (4/30/99) | 5,000 | | | |
| From Rauseo | | | | 408.00 |
| **Net** | | | | **81,790.60** |

| Pre Tax Deduction | | | |
|---|---|---|---|
| Medical | | 125.65 | |
| Dental | | 37.49 | |
| Total | | | (163.14) |

| Office Charges/Post Tax Deduction | | |
|---|---|---|
| NASD Fees | 0.00 | |
| Parking | 125.00 | |
| YMCA Membership | 0.00 | |
| Airborne Express | 0.00 | |
| Prepaid Legal | 0.00 | |
| Other (Airfare to Colorado) | 3,972.00 | |
| Other (Advance-see above) | 2,500.00 | |
| Total Office Charges | | (6,597.00) |
| Balance Prior Month | | 0.00 |
| Net due Broker (Comm less pretax ded - subject to tax) | | 81,627.46 |
| Total Post Tax Deductions (deducted after taxes) | | (6,597.00) |

]



9/23/99

HP-GW-91783

# Hampton Porter Investment Bankers
## Broker's Statement
### JULY 1999

## Curtiss Parker

| Commissions | | |
|---|---|---|
| Gross Commissions | 15,104.00 65% | |
| Other (Bonus/Override/Lookback) | 36,048.00 50% | embu |
| Subtotal | | 51,152.00 |
| Percent to Broker | | 27,841.60 |
| Other (not subject to percentage) | | |
| Advance (4/30/99) 5,000 | | 5,000.00 |
| **Net** | | 32,841.60 |

| Deductions | | |
|---|---|---|
| Medical | 125.65 | |
| Dental | 37.49 | |
| Total | | (163.14) |

| Office Charges/Other Deductions | | |
|---|---|---|
| NASD Fees | 0.00 | |
| Parking | 125.00 | |
| YMCA Membership | 0.00 | |
| Airborne Express | 74.35 | |
| Prepaid Legal | 0.00 | |
| Other (Airfare: Denver 7/6 & Dallas 7/7) | 1,045.00 | |
| Other (Advance-see above) | 5,000.00 | |
| Other (Montana Trip) | 708.00 | |
| Total Office Charges | | (6,952.35) |
| Balance Prior Month | | 0.00 |
| Net due Broker (Comm less pretax ded - subject to tax) | | 32,678.46 |
| **Total Post Tax Deductions (deducted after taxes)** | | (6,952.35) |



8/13/99

HP-GW-91748

# Hampton Porter Investment Bankers
### Broker's Statement
### AUGUST 1999

### Curtiss Parker
### Zero per Jim Green

| Commissions | | |
|---|---|---|
| Gross Commissions | | |
| Other (Bonus/Override/Lookback) | | |
| Subtotal | | 0.00 |
| Percent to Broker | | 0.00 |
| Other (not subject to percentage) | | |
| **Net** | | 0.00 |

| Pre Tax Deduction | | |
|---|---|---|
| Medical | 125.65 | |
| Dental | 37.49 | |
| Total | | (163.14) |

| Office Charges/Post Tax Deduction | | |
|---|---|---|
| NASD Fees | 0.00 | |
| Parking | 125.00 | |
| YMCA Membership | 0.00 | |
| Airborne Express | 0.00 | |
| Prepaid Legal | 0.00 | |
| Other | | |
| Total Office Charges | | (125.00) |
| Balance Prior Month | | 0.00 |

| | | |
|---|---|---|
| **Net due Broker (Comm less pretax ded - subject to tax)** | | (163.14) |
| **Total Post Tax Deductions (deducted after taxes)** | | (125.00) |

9/14/99



HP-GW-91718

# Hampton Porter Investment Bankers
### Broker's Statement
### SEPTEMBER 1999

### Curtiss Parker
### No payout per Jim Green

| Commission | |
|---|---|
| Gross Commissions | |
| Other (Bonus/Override/Lookback) | |
| Subtotal | 0.00 |
| Percent to Broker | 0.00 |
| Other (not subject to percentage) | |
| **Net** | **0.00** |

| Pre Tax Deduction | | |
|---|---|---|
| Medical | 125.65 | |
| Dental | 37.49 | |
| Prior Month (8/99) | 163.14 | |
| Total | carry forward to next mo | (326.28) |

| Office Charges/Post Tax Deductions | | |
|---|---|---|
| NASD Fees | 0.00 | |
| Parking | 125.00 | |
| YMCA Membership | 0.00 | |
| Airborne Express | 0.00 | |
| Prepaid Legal | 0.00 | |
| Other | | |
| Total Office Charges | carry forward to next mo | (125.00) |
| Balance Prior Month | carry forward to next mo | (125.00) |

| | |
|---|---|
| **Net due Broker (Comm less pretax ded - subject to tax)** | (326.28) |
| **Total Post Tax Deductions (deducted after taxes)** | (250.00) |



10/13/99

HP-GW-91688

**EXHIBIT 3**



May 24, 2011


Re:    Curtiss Parker

To Whom It May Concern:

The above was admitted to Rancho L'Abri, a tightly structured drug, alcohol and dual diagnosis treatment program, on April 8, 2011, and completed treatment at this level of care on May 7, 2011. While in-patient, he was an excellent role model to others in the Rancho L'Abri community.

If you have any questions, please do not hesitate to contact our office.

Sincerely,

Keith Blankenship
Counselor/Case Manager

**EXHIBIT 4**



**U.S. Department of Justice**

*Federal Bureau of Prisons*

*United States Penitentiary*

*3901 Klein Blvd.*
*Lompoc, California 93436-2705*
August 14, 2009

Dear Mr. Curtiss Parker:

This letter is in appreciation for your willingness to participate in the Big Brother Mentor Program. You took on the added responsibility by volunteering, once you were hand picked by staff, to lead the Big Brother Program for the Residential Drug Abuse Treatment Program (RDAP) at the Federal Correctional Complex, Lompoc, California. You have displayed assertiveness and dedication by going above and beyond the program requirements of RDAP, becoming a mentor in a program in it's infancy stage. Your open-mindedness and assistance in the implementation of the Big Brother Program is to be commended.

For the past several months, you have held yourself to a higher standard by being the example and role model to others within the community. You were a positive influence for others demonstrating, on a daily basis, the eight attitudes for change; responsibility, willingness, open-mindedness, gratitude, caring, objectivity, humility and honesty. You have encouraged others to meet a higher potential in themselves by showing your support to other community members offering positive and honest feedback.

One way you have demonstrated that you are accountable and responsible for your own choices is by giving yourself push-ups and pull-ups to the community. You also held others accountable for their actions by practicing the skills of confronting and leveling. You continued to utilize and practice the skills you have learned in this program such as the attitudes, attitude checks, rational self-analysis, criminal thinking errors and spoke checks.

As you depart from this community and embrace your community and family, we hope that you continue to conduct yourself as a role model, accepting responsibility for your actions and choices. We also hope you continue to be open-minded, caring and willing to assist others by being a positive influence in their lives.

Thank you once again and your efforts are greatly appreciated, by the Drug Abuse Treatment staff, at FCC Lompoc, Camp North.

Sincerely,

T. Warren, Psy.D.
Drug Abuse Program Coordinator



# Certificate of Achievement

Department of Justice

Federal Correctional Complex, Camp North, Lompoc, CA

awarded to:

## Curtiss Parker

#45096-112

For successful completion of the
500 Hour

# RESIDENTIAL DRUG ABUSE PROGRAM

October 9, 2009

Date

T. Warren, Psy. D., DAPC

C. Smith, Ph.D., Chief Psychologist

# Certificate of Completion

This is to certify that:

## Curtiss Parker

Has successfully completed the
Ready to Work and The 7 Steps to a Quick and Successful Job Search

Requiring __6__ hours of Training

In Witness Thereof the Undersigned

Given this __15th__ day of __July__ , two thousand __nine__

_R. Johnson, Reentry Coordinator_

_S. Angelidis, U.S. Probation Officer_

FEDERAL BUREAU OF PRISONS
FEDERAL CORRECTIONAL COMPLEX, LOMPOC, CA

# Certificate of Leadership in the
# Big Brother Program

awarded to:

## Curtiss Parker
## #45096-112

For displaying Responsibility, Caring and Willingness by volunteering 24/7, as a Mentor in the Big Brother Program.

August 14, 2009
_____
Date

T. Warren, Psy.D.
Drug Abuse Program Coordinator

K. Rosales
Drug Abuse Treatment Specialist

*Federal Bureau of Prisons*

*Federal Correctional Complex, Lompoc, CA*

# Certificate of Achievement

awarded to:

## CURTISS PARKER
## # 45096-112

For successful completion of the
**Choice and Change – Drug Education Program**

November 15, 2007

_____
Date

_____
T. Warren, Psy.D., DAPC

_____
Brecha Swonigon Jr.
Facilitator

LITHO. IN U.S.A.

© 1998 GOES 3440/5
All Rights Reserved

**FEDERAL BUREAU OF PRISONS**
*FEDERAL CORRECTIONAL COMPLEX, LOMPOC, CA*

*Certificate of Leadership*

*awarded to:*

**Curtiss Parker**

**# 45096-112**

*For displaying Responsibility, Caring and Willingness by volunteering 24/7, as a mentor to others in the Big Brother Program.*

**Big Brother Program**

October 09, 2009
_____
*Date*

T. Warren, Psy.D.,
*DAP Coordinator*

K. Rosales, DTS.